STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VINCENT F. RIVERA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civ. No. 07-014-B-W |
| SUSAN COLLINS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION
TO PROCEED IN FORMA PAUPERIS**

Vincent Rivera, a prisoner in the State of Florida, has filed a civil action in the District of Maine, naming Senators Susan Collins and Olympia Snow and Governor of the State of Maine as defendants. He has also filed an application to proceed in forma pauperis, which is not accompanied by a trust fund account statement or the institutional equivalent as required by 28 U.S.C. § 1915(a)(2). This deficiency aside, I recommend denying Rivera's application to proceed without payment of the filing fee.

Section 1915(g) of title 28 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g). A search in the United States Party/Case Index reveals that Rivera has filed well over 200 prior civil actions across the country. The Eleventh Circuit Court of Appeals has already determined that Rivera is subject to the limitation of

§ 1915(g). Rivera v. Allin, 144 F.3d 719, 730-31 (11th Cir. 1998) abrogated on other grounds by Jones v. Bock __ U.S. __, 2007 WL 135890, * 10 (Jan. 22, 2077); see also e.g., Rivera v. Lingle, Civ. No. 06-00406 ACK-LEK, 2006 WL 2425551, *1 -2 (D. Haw. Aug. 21. 2006). Rivera's filing rights have also been circumscribed by and in the United States Supreme Court. Rivera v. Florida Dept. of Corrections, 526 U.S. 135 (1999) ("Rivera has abused this Court's certiorari and extraordinary writ processes…. We enter the order barring prospective filings.").

The complaint Rivera has filed with this court alleges that the Governor of the State of Maine is colluding with the remaining forty-nine governors to award pharmaceutical houses lucrative no-bid sales contracts. He seeks damages in the amount of ten trillion dollars and an injunction forbidding future conduct of this sort. There is no basis for inferring that Rivera is in imminent physical danger. Accordingly, I recommend that the Court deny this application to proceed in forma pauperis and give Rivera thirty days from the date of its order affirming this recommended disposition to pay the full $350 filing fee. In the event the filing fee is not paid, I recommend the court dismiss the complaint pursuant to Section 1915(g).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 1, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge